## Illig, Appellant, *v.* Chartiers Southern Railway Co.

*Railroads—Relocating road—Resolution of directors passed in another state.*

1. A resolution of the directors of a railroad company of Pennsylvania, relocating its road, is not invalid because it was passed at a directors' meeting held in another state.

*Railroads—Condemnation proceedings — Bond — No penal sum named in bond—Constitution—Acts of Feb. 19, 1849, P. L. 79, and April 9, 1856, P. L. 288.*

2. A bond of a railroad company filed in condemnation proceedings, is not invalid because no penal sum is named in the bond.

3. Article XVI, section 8, of the Constitution, and the Acts of Feb. 19, 1849, P. L. 79, and April 9, 1856, P. L. 288, merely require that the compensation for damages must be secured.

Argued October 5, 1920. Appeal, No. 21, Oct. T., 1920, by plaintiff, from decree of C. P. Greene Co., No. 202, in Equity on bill in equity in case of Louis Illig v. Chartiers Southern Railway Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity to restrain proceedings at law. Before RAY, P. J.

The opinion of the Supreme Court states the facts.

The court granted a preliminary injunction, which it subsequently dissolved, and entered a decree approving the bond in controversy.

*Error assigned,* inter alia, was decree, quoting it.

*James J. Purman,* with him *Andrew A. Purman,* for appellant.

*William J. Kyle,* with him *P. D. Reinhart,* for appellee.

PER CURIAM, December 31, 1920:

The Chartiers Southern Railway Company is a Pennsylvania corporation, and, in the construction of its road, appropriated land of the appellant. This appropriation was originally made in pursuance of a resolution of the company's board of directors passed in the City of Pittsburgh. Subsequently the route as located was changed by resolution of the board of directors, adopted in the City of New York, so as not to include appellant's dwelling house. Not being able to agree with him as to the amount of damages to be paid to him, the company filed its bond in the court below, the covenant of the principal and surety being to "well and truly pay, or cause to be paid, to the said Louis H. Illig the damages he may sustain by reason of the entry of said railway company upon and appropriation of the lands aforesaid, or any part thereof, after the said damages shall have been by the said parties agreed upon, or shall have been assessed in the mode prescribed by the laws of the Commonwealth of Pennsylvania." Before this bond was finally approved Illig filed a bill in the court below, praying that the railway company be enjoined from proceeding with the construction of its road through his lands, because (1) the resolution of the board of directors, relocating the route of the road, having been passed in the City of New York, was void; and (2) because no penal sum was inserted in the bond. A preliminary injunction was granted, which was subsequently dissolved, the court being of opinion that neither of the two grounds upon which the plaintiff had asked for it was tenable. This appeal followed.

Appellant's first ground of complaint was properly regarded by the court below as without merit, for the action of the board of directors in New York was clearly within the scope of what they might there do: Thompson on Corporations, 2d ed., vol. 2, sec. 1136; vide, also, Williams v. Delaware, Lackawanna & Western Railroad Company, 255 Pa. 133.

Article XVI, section 8, of the Constitution, and the Acts of February 19, 1849, P. L. 79, and April 9, 1856, P. L. 288, providing for security to be given to a landowner for compensation for damages he may sustain by the taking of his property under the right of eminent domain, are silent as to the exact form of bond to be given. Their requirements are merely that the compensation for damages must be secured, and a bond with sufficient surety, unlimited in amount, is better for the landowner than one in which the liability of the surety is limited, for he is entitled to recover from the principal in every such bond the amount of damages sustained, without regard to the limited liability of the surety. The appellant has the protection of a bond which will require the surety, as well as the principal, to pay him whatever damages he has sustained.

The assignments of error are overruled and the appeal is dismissed at appellant's costs.