In re **CONDEMNATION BY THE ECONOMY BOROUGH MUNICIPAL AUTHORITY of rights-of-way and easements of certain land situate in the Borough of Economy, for the purpose of the Phase II Project and in particular affecting property owned by James S. Skonieczny and Patricia J. Skonieczny.**

**Appeal of Patricia Skonieczny.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 20, 2003.
Decided Oct. 24, 2003.

---

Patricia J. Skonieczny, appellants, pro se.

John F. Salopek, Aliquippa, for appellees.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEAVITT.

James S. Skonieczny and Patricia J. Skonieczny (Condemnees) appeal from an order of the Court of Common Pleas of Beaver County (trial court) dismissing their preliminary objections to the declaration of taking filed by the Economy Borough Municipal Authority (Authority). We affirm.

## HISTORY OF THE CASE

On April 18, 2002, the Authority passed Resolution No.2002–54 (Resolution) authorizing it to condemn certain property in connection with a sewerage project. It approved

> the acquisition by condemnation of easements and fee simple title to various properties located in Economy Borough, Beaver County, and Bell Acres Borough, Allegheny County, Pennsylvania, for the purpose of the Authority's Phase II Project and further authorizing the filing of declarations of taking and all necessary action for the acquisition of the properties.

Reproduced Record 9a (R.R. ——). Through its Resolution, the Authority condemned various properties needed for easements, pump station sites and the wastewater treatment plant site in the Phase II Project, and stated that condemned properties "shall be taken for easements or in fee simple title as may be stated in the Declaration of Taking." R.R. 10a.

On May 9, 2002, pursuant to the Resolution, the Authority filed a declaration of taking of a right-of-way and easement on Condemnees' property.[1] The stated purpose of the condemnation was:

---

1. The declaration of taking covered numerous    other properties, as well.

to effectuate the public purpose of the extension of sanitary sewer lines and the construction of a wastewater treatment plant so as to provide sanitary sewer services to properties within the Borough of Economy service area, specifically those properties comprised of the Phase II Sewer Project, including those located in New Sewickley Township, Beaver County, and Bell Acres Borough, Allegheny County.

Supplemental Record 5b (S.R.——). The declaration of taking further provided that "[j]ust compensation for the takings described herein by the Condemnor shall be paid from a Bond to the Commonwealth of Pennsylvania filed this day at the Beaver County Prothonotary's Office. The condition of said Bond shall be that the Condemnor shall pay such damages as shall be determined by law." S.R. 6b.

Filed contemporaneously with the declaration of taking was an easement/right-of-way plat that showed a temporary construction easement approximately 10 feet wide and 165 feet long across Condemnees' property, and a bond. The bond provided, in pertinent part, as follows:

> NOW, THE CONDITION OF THIS OBLIGATION IS SUCH THAT, if the ... Authority shall pay or cause to be paid to whomsoever may be a party with a compensable interest in property described in Paragraph 2., of the Declaration of Taking, filed at the above case number hereof, as Obligees, their certain attorneys, heirs, devisees or assigns, such amount of damages as each shall be entitled to receive for the entering upon and/or taking or appropriating by the ... Authority of property after such damages shall have been agreed

upon by the parties or assessed in the manner provided by law.... S.R. 10b.

Notice of the condemnation was subsequently served on Condemnees on July 25, 2002. The Notice, among other things, reiterated the purpose of the condemnation, described the nature of the taking as "a right-of-way and easement" and stated that "[j]ust compensation for the taking ... shall be paid from a Bond to the Commonwealth of Pennsylvania filed May 9, 2002, at the Beaver County Prothonotary's Office. The condition of said Bond shall be that the Condemnor shall pay such damages as shall be determined by law." R.R. 12a.

On August 26, 2002, Condemnees filed preliminary objections to the declaration of taking on the ground that the bond filed with the declaration "is naked, inadequate, insufficient, valueless, without approval of the Court, and as a result thereof, is violative of Article 1, Section 10 and Article XVI, Section 8 of the Pennsylvania Constitution, and the Fifth Amendment to the United States Constitution." S.R. 12b. Condemnees also complained, albeit somewhat ambiguously, about future costs and fees, potential rate increases, and the financial feasibility of the Phase II Project, generally.

The Authority answered the preliminary objections, acknowledging that the unsecured bond "may not provide sufficient security in the event that it is determined that Condemnees are entitled to just compensation," and that just compensation for the temporary construction easement across Condemnees' property is no greater than $250. S.R. 19b–20b. The Authority also asserted that Condemnees' remaining averments failed to state a preliminary objection allowable under Section 406(a) of the Eminent Domain Code (Code).[2]

---

**2.** Section 406(a) of the Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–406(a), provides in pertinent part:

On October 11, 2002, Senior Judge James E. Rowley and Judge C. Gus Kwidis convened the first hearing in the trial court on the multiple preliminary objections filed to the various declarations of taking in conjunction with the Phase II Project. At the hearing, Joseph M. Stanichak, counsel for Condemnees and other individuals affected by the takings, and John F. Salopek, counsel for the Authority, presented a joint motion for a continuance on Condemnees' preliminary objections. Their exchange with the trial court was as follows:

> Mr. Salopek: Well, Your Honor, as Mr. Stanichak indicated, [Condemnees'] case was the last one that came in from his office, and I hadn't filed an Answer. It was prepared and in my file, but finally this morning—I mean, if you want to go ahead and proceed, I have an Answer. There's testimony in the Deposition in regard to the reasonableness of the taking of [Condemnees'] property. If you would want to move forward today, we can. If you want to continue it, we can. The only issue is whether or not I filed a timely Answer.
>
> Judge Rowley: What I am trying to determine: Do you feel at this point that you have any reason to want to present any more evidence?
>
> Mr. Salopek: On [Condemnees'] matter I don't think there would be any necessity to.
>
> Judge Rowley: Mr. Stanichak, what are we continuing it for?
>
> Mr. Stanichak: My client has indicated that the—

> Judge Rowley: Do you intend to present any evidence that's relevant and material to these four matters that the Legislature has said the Court can consider in this particular case [set forth in Section 406(a) of the Code], your clients' case in this individual matter?
>
> Mr. Stanichak: Yes. The information that I have is to the effect that there is not a proper easement, that Economy, that the ... Authority did not have sufficient reason because of the certain underlying matters in the Deeds to proceed.
>
> Judge Rowley: Well, those are matters of record then. The Deeds are on record.
>
> Mr. Stanichak: Yes.
>
> Judge Rowley: All right. Anything else that you would present? That is it?
>
> Mr. Stanichak: Specifically, in addition to the normal, in addition to the other issues that I have raised in the other preliminary objections there, they are almost generic, really.
>
> Judge Rowley: Well, then we will take the Answer....

> \* \* \* \*
>
> Judge Rowley: Very well. In the matter at Docket No. 10820, In Rem Y28, James S. and Patricia L. Skonieczny, it's ordered that Counsel may file briefs on or before October 21, 2002. There will be no further hearing for the purpose of presenting evidence.

R.R. 47a–49a.

Throughout the morning, testimony was presented [3] regarding the sufficiency of the

---

Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof.

3. Deposition testimony was also admitted into the record on the morning of October 11, 2002.

security posted by the Authority with respect to the 31 existing claims, as well as possible future claims. At the conclusion of the testimony, the hearing was recessed to give all counsel an opportunity to arrive at a figure that was "fair not only in terms of protecting those people whose property has been condemned but also the taxpayers of Economy Borough." R.R. 83a. During the recess, Condemnees fired their counsel.

After the recess, the parties reconvened in Judge Kwidis' chambers. Condemnees, who were no longer represented by counsel, were not present. At the conclusion of the discussion, the trial court ordered the Authority to:

> post a $500,000 cash bond with the understanding that that cash bond is for those cases that are presently filed and that the Court will entertain a future motion by any condemnee in this case in the event that there are subsequent cases filed that exceed 31. And we are using that because Judge Rowley and I do not believe it is an arbitrary amount in the sense that there has been some experience with Phase I in this project on how many claims were filed and how many were litigated.

R.R. 95a–96a. Judge Kwidis subsequently clarified that it would be acceptable for the Authority to establish an account at Sky Bank that would pay the Authority interest and be "subject to no withdrawals without a Court Order." R.R. 101a. He explained:

> The question then will be for those people involved in this case to monitor the case to determine how fast this fund is being dissipated in terms of the number

of claims that are outstanding. That's why we are convinced that by leaving it open and subject to modification, everyone will be protected.

R.R. 101a.

A hearing on Condemnees' preliminary objections was held on December 4, 2002, at which Condemnee Patricia Skonieczny appeared *pro se*. At the hearing, the Authority introduced a letter from Sky Bank to the Authority verifying "that a $500,000 deposit account ... has been established as the Phase II Condemnation Damages Security Account as directed by the Court of Common Pleas of Beaver County·for the Phase II Project. Such account has been designated as 'withdrawal by court order only.'" R.R. 20a. Ms. Skonieczny objected to the letter on the ground that it was not properly authenticated. The trial court overruled the objection and, ultimately, dismissed the preliminary objections on the grounds that the security posted was sufficient and the remaining objections raised by Condemnees were not cognizable under Section 406(a) of the Code and were matters more appropriately presented in a utility rate proceeding. This appeal followed.[4]

On appeal, Condemnees raise several issues for our review: (1) whether the Authority's Resolution and bond adequately address the interest taken in Condemnees' property; (2) whether the security posted by the Authority was sufficient; (3) whether the trial court abused its discretion or committed an error of law in determining the sufficiency of the bond in a conference that Condemnees were not a part of, rather than in an evidentiary hearing; (4) whether the letter from Sky Bank

---

**4.** Our review of the trial court's order dismissing Condemnees' preliminary objections is limited to determining whether the trial court abused its discretion or committed an error of law. *In re Condemnation by Penn* *Township, York County, of Right–of–Way and Easements Over, Across and Through Tracts of Land Located in Penn Township, York County,* 702 A.2d 614, 616 (Pa.Cmwlth.1997).

to the Authority verifying the establishment of the Phase II Condemnation Damages Security Account was admissible; and (5) whether the Authority obtained the financing for the Phase II Project by fraudulent means. Because the first and fifth issues were not raised in Condemnees' preliminary objections, we find that they have been waived. *See, e.g., Benek v. Pennsylvania Game Commission,* 49 Pa.Cmwlth. 63, 411 A.2d 267, 269 (1980) (Our Court has consistently enforced the provisions of Section 406 and has held on several occasions that issues which may be raised by preliminary objection must be raised in that manner or they are waived.). Further, even if the first and fifth issues had been raised, they are not proper preliminary objections under Section 406(a) of the Code. We address the remaining issues *seriatim.*

## SUFFICIENCY OF THE SECURITY

■ Condemnees argue, first, that the security posted by the Authority was not sufficient. Section 403 of the Code prescribes requirements for the furnishing of security in all condemnation proceedings which are subject to the Code. Under Section 403, every condemnor, with the exception of those having the power of taxation,[5] must give security to effect the condemnation,

> by filing with the declaration of taking its bond, without surety, to the Commonwealth of Pennsylvania for the use of the owner or owners of the property interests condemned, the condition of which shall be that the condemnor shall pay such damages as shall be determined by law.

Section 403(a) of the Code, 26 P.S. 1–403(a). The Comment of the Joint State Government Commission to Section 403(a) of the Code explains that [i]t is intended by this subsection that the bond filed shall be an open end bond. Thus, the Code does not contemplate that the condemnors bond shall be in some fixed amount. Rather, the bond satisfies the requirements of Section 403 if it specifies that the condemnor shall pay such damages as shall be determined by law.

The practice of filing such bonds in an indeterminate or unlimited amount has long been upheld by our courts. *See Illig v. Chartiers Southern Railway Co.,* 268 Pa. 467, 469, 112 A. 116, 117 (1920) (approving the practice of filing open end bonds in condemnation proceedings); *In re: Tasa Coal Co. Condemnation,* 30 Beaver County Legal Journal 28, 30 (1969) (ordering that the condemnor file a bond in an unlimited sum, the condition of which shall be that the condemnor shall pay such damages as shall be determined by law); *Philadelphia Electric Co. v. Janney,* 31 Delaware County Reports 412, 423 (1943) (observing that the practice of filing condemnation bonds conditioned in an indeterminate amount is entirely regular and that the form of the bonds as submitted should be approved). Further, as our Supreme Court has explained, an open end bond may provide greater protection for the condemnee:

> a bond with sufficient surety, unlimited in amount, is better for the landowner than one in which the liability of the surety is limited, for he is entitled to recover from the principal in every such bond the amount of damages sustained,

5. Section 403(b) of the Code provides that:
Where a condemnor has the power of taxation, it shall not be required to file a bond with the declaration of taking. The funds raised, or lawful to be raised, by the power of taxation of the condemnor shall be deemed pledged and are hereby made security for the payment of the damages as shall be determined by law.
26 P.S. 1–403(b).

without regard to the limited liability of the surety. The [landowner] has the protection of a bond which will require the surety, as well as the principal, to pay him whatever damages he has sustained.

*Illig,* 268 Pa. at 469, 112 A. at 117.

On the other hand, an unsecured bond may not be adequate. Accordingly, Section 403(c) of the Code provides that:

The court, upon preliminary objections of the condemnee under and within the time set forth in section 406(a), may require the condemnor to give such bond and security as the court deems proper, if it shall appear to the court that the bond or power of taxation of the condemnor is not sufficient security.

26 P.S. 1–403(c). Such is often the case when the condemnor is a municipal authority or other entity that does not by itself possess the power of taxation. *See, e.g., Tasa Coal Co.,* 30 Beaver County Legal Journal at 29.

Here, the Authority followed the correct procedure and filed a bond with its declaration of taking that was conditioned upon the Authority paying such damages as shall be determined by law. Pursuant to Section 403(c) of the Code, the trial court determined that the Authority's proposed unsecured bond was not adequate and required the Authority to post sufficient security, specifically, a $500,000 deposit account designated as withdrawal by court order only. Condemnees presented absolutely no evidence to show that this was not sufficient security to cover the temporary construction easement across their property.

Under these circumstances, we find that the trial court did not abuse its discretion or commit an error of law in dismissing the Condemnees' preliminary objection regarding the sufficiency of the security posted.

## HEARING

■ Condemnees further argue that the trial court abused its discretion or committed an error of law in determining the sufficiency of the bond in a conference that Condemnees were not a part of, rather than in an evidentiary hearing. Where an objection to the sufficiency of the bond is raised, the trial judge should not dismiss the objection without requiring an answer and holding a hearing. *Faris Appeal,* 435 Pa. 55, 254 A.2d 653 (1969). For the reasons that follow, we find that the trial court satisfied this obligation.

First, it is evident from Judge Rowleys exchange with Messrs. Stanichak and Salopek that the trial court received an answer to Condemnees' preliminary objection regarding the sufficiency of the security posted by the Authority. R.R. 48a–49a, S.R. 19b–21b. Further, the record reflects that Condemnees actually participated in *two* hearings: Mr. Stanichak appeared on Condemnees' behalf at the hearing that took place on the morning of October 11, 2002, at which live and deposition testimony was accepted into the record regarding the sufficiency of the security posted by the Authority; and Ms. Skonieczny appeared before the trial court *pro se* on December 4, 2002, at a hearing specifically dedicated to Condemnees' preliminary objections.

Significantly, the amount of security ordered by the trial court during the conference in Judge Kwidis' chambers on the afternoon of October 11, 2002 was based upon the testimony received into the record during the hearing that took place that morning, at which Condemnees were represented by counsel. At that hearing, Mr. Stanichak represented that all of the evidence Condemnees needed to present with respect to their preliminary objections was

of record. R.R. 47a–49a. The conference in chambers did not adduce evidence; in effect, it was a settlement conference. In any case, Condemnees got a second chance to present evidence on December 4, 2002, but they failed to show why the security was inadequate in accordance with their burden.

For these reasons, we find that the trial court satisfied its obligation under *Faris Appeal.*

## SKY BANK LETTER

██ Condemnees final contention is that the letter from Sky Bank to the Authority verifying the establishment of the Phase II Condemnation Damages Security Account was inadmissible because it was not properly authenticated by someone from the bank. We find that whether or not the letter was admitted into evidence was irrelevant to the matter before the trial court on December 4, 2002, namely, whether the Authority had posted sufficient security.

Counsel for the Authority presumably offered the letter to demonstrate compliance with the trial court's previous order that the Authority post additional security pursuant to Section 403(c) of the Code. Compliance with the previous order, however, was not the issue before the trial court. Indeed, the trial court was satisfied that the Authority had complied with its order. If Condemnees believed otherwise, they should have initiated contempt proceedings against the Authority.

At the December 4, 2002 hearing, it was Condemnees' burden to show that the security posted by the Authority was insufficient; Condemnees offered no evidence whatsoever on this subject. Accordingly, whether or not the letter was admitted into evidence was immaterial.

## CONCLUSION

For these reasons, we affirm the trial court's dismissal of Condemnees' preliminary objections.

## ORDER

AND NOW, this 24th day of October, 2003, the order of the Court of Common Pleas of Beaver County dated December 17, 2002 in the above-captioned matter is hereby affirmed.